

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7869 | **DATE** | April 11, 2002 |
| **CASE TITLE** | *John Ochana vs. Fernando Flores and Anthony Schwocher* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendants' motion for summary judgment [31-1]; denies defendants' motion to strike [37-1]; grants in part and denies in part plaintiff's motion to take judicial notice [38-1]; grants plaintiff's motions *in limine* [39-1, 40-1, 44-1]; denies plaintiff's motions *in limine* [41-1, 42-1, 45-1]; grants in part and denies in part plaintiff's motion *in limine* [43-1]; grants defendants' motion *in limine* [46-1], and denies defendants' motion *in limine* [47-1]. Final judgment in this case is entered in favor of defendants, Fernando Flores and Anthony Schwocher, and against plaintiff, John Ochana. No motions for reconsideration will be entertained.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | APR 1 2 2002 | | 60 |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | AIR | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| CW | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOHN OCHANA,    )
          )
  Plaintiff,    )
          )
  v.       )  **Case No. 00 C 7869**
          )
**FERNANDO FLORES and**  )  **Judge James H. Alesia**
**ANTHONY SCHWOCHER,**  )
          )
  Defendants.   )

DOCKETED
APR 1 2 2002

## MEMORANDUM OPINION AND ORDER

Currently before the court are: (1) plaintiff's motions *in limine*, (2) defendants' motion *in limine*, (3) plaintiff's motion to take judicial notice, (4) defendants' motion for summary judgment, and (5) defendants' motion to strike. For the reasons set forth below, the court (1) grants in part and denies in part plaintiff's motions *in limine*, (2) grants in part and denies in part defendants' motion *in limine*, (3) grants in part and denies in part plaintiff's motion to take judicial notice, (4) grants defendants' motion for summary judgment, and (5) denies defendants' motion to strike.

## I. BACKGROUND[1]

In the late afternoon of June 23, 2000, plaintiff John Ochana ("Ochana") was the driver in the first vehicle stopped southbound on Kostner at the intersection with Irving Park Road, in Chicago, Illinois. Defendants Fernando Flores ("Flores") and Anthony J. Schwocher

---

[1] Unless otherwise indicated, the following facts – taken from the parties' Local Rule 56.1 statements – are undisputed.

("Schwocher") (collectively "the officers"), two Chicago police officers, were in their squad car also southbound on Kostner a few cars behind Ochana's car. The light at the intersection changed, and people started honking their horns. Someone coming northbound on Kostner told the officers that a man was either asleep at the wheel or passed out at the light, blocking traffic.

The officers activated their emergency equipment and pulled up in their squad car next to Ochana's car so that both cars were facing the same direction. Schwocher went over to Ochana's car and observed that Ochana was asleep behind the wheel with his head down. The gear of Ochana's car was in "drive," and his foot was on the brake. Ochana's window was open, and Schwocher attempted to verbally wake him, but Ochana did not respond. Schwocher reached in through the open window of Ochana's car, shifted the gear into "park," and attempted to wake him by shaking him. According to the officers, Ochana did not wake up entirely when shaken, but kept waking up and then nodding off to sleep again. According to Ochana, he woke up and was startled when the officers knocked on the door of his car, but he does not remember the officers putting the car in "park." Ochana did not know how long he was asleep, but thought it was between a second and three minutes. He did not recall whether any cars behind him were honking or whether any cars were passing in the opposite lane of traffic.

The officers told Ochana to get out of his car. According to the officers, they physically helped carry Ochana out of the car; but according to Ochana, he was physically able to get out of the car by himself. The officers escorted Ochana to the rear of the vehicles. Both officers thought Ochana was still groggy at this point.[2] He was awake but not alert. His speech was

---

[2]Ochana insists that he did not appear groggy and was not slurring his speech. (Pl.'s Resp. to Defs.' Stmt. of Facts ¶¶ 14, 15, 17.) To support this statement, Ochana points to several
(continued...)

2

slurred, and the officers could not understand what he was saying. Standing at the rear of Ochana's vehicle, Schwocher asked Ochana to produce his driver's license, and either Ochana pulled out his license or one of the officers reached in his pocket and pulled it out. At this time, Ochana was still less than fully awake.

While Ochana was at the rear of the vehicles with Schwocher, Flores looked into the passenger compartment of Ochana's car and saw a backpack. The parties dispute whether the backpack was open or closed. Flores testified that he saw a clear, unlabeled "Ziplock" bag sticking out more than halfway from inside the open, unzipped backpack, while Ochana testified that his backpack was closed.[3] Inside the Ziplock bag was a white powdery substance. The parties dispute whether the substance had yellow flecks in it.[4] Flores removed the backpack

---

[2](...continued)
excerpts of his own deposition. Of all these excerpts, the court finds only two portions relevant. In one excerpt, Ochana testified, "I dazed off, I got up, they said, I felt fine, okay, I got to go to work now, give me the ticket." (Ochana's Dep. 84: 21-23.) In another portion, Ochana testified that the officers did not assist him out of the car (Ochana's Dep. 111: 20-21.), and that physically he was able to get out of the car by himself (Ochana's Dep. 112: 10-11.). However, even if Ochana felt fine and was physically able to get out of the car by himself, this deposition testimony does not establish that Ochana did not appear groggy and was not slurring his speech. *See Valance v. Wisel*, 110 F.3d 1269, 1275-76 (7th Cir. 1997) (finding that a plaintiff's testimony that he did not believe he was traveling across the center line did not establish that the plaintiff did not in fact travel across the center line as the officer asserted). Therefore, the court finds it an undisputed fact that Ochana appeared groggy at this point.

[3]Whether the backpack was open or closed is not a material fact. As discussed *supra* Sect. I.D.3., when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile along with any containers – open or closed – within the passenger compartment.

[4]Whether or not the substance contained yellow flecks is not a material fact because Flores testified that he had previously seen white powder with yellow flecks test positive for cocaine.

from Ochana's car. Further inside the backpack, Flores discovered a brown bottle labeled in Spanish. The bottle did not show prescription information, such as a doctor's name, a prescription number, the pharmacy, or a refill. The parties dispute whether the bottle looked like it contained a prescription.

The officers handcuffed Ochana, put him in their squad car, and took him to the police station. Ochana was charged with the following offenses: (1) obstruction of traffic, in violation of City of Chicago Municipal Code, CHI. MUN. CODE § 9-40-130, (2) possession of a controlled substance in violation of 720 ILL. COMP. STAT. 570/402 (1998); and (3) forging or altering a prescription, in violation of 720 ILL. COMP. STAT. 570/406 (1998). Ochana received supervision and was assessed a fifty-dollar fine on the obstruction of traffic charge. The other two charges were dismissed due to a negative laboratory result for the powdery substance in the plastic "Ziplock" bag.

Ochana filed a two-count second amended complaint pursuant to 42 U.S.C. § 1983, alleging: (1) that the officers arrested Ochana without a warrant and without probable cause for possession of a controlled substance and for forging or altering a prescription, and (2) that the officers searched Ochana's vehicle and backpack without probable cause, without a warrant, and without other lawful justification.

Currently before the court are: (1) Ochana's motions *in limine*, (2) the officers' motion *in limine*, (3) Ochana's motion to take judicial notice, (4) the officers' motion for summary judgment, and (5) the officers' motion to strike.

## II. **DISCUSSION**

As a threshold issue, the court will dispose of the parties' motions *in limine* and Ochana's

motion to take judicial notice, to establish what evidence is admissible and, therefore, properly

before this court in support of the summary judgment motion. Both sides have also moved to

strike portions of the other side's expert testimony. However, as discussed *infra* Sect. II.E., the

court denies as moot both parties' motions regarding expert testimony.

### A.     Ochana's motions *in limine*

Ochana has brought seven motions *in limine*. Ochana's motions *in limine* seek to exclude

the following: (1) reference to Ochana's ethnic background; (2) reference to the officers'

subjective beliefs regarding probable cause and intent regarding arrest; (3) reference to the

officers having probable cause to arrest Ochana for closely-related offenses; (4) reference to the

officers' search of Ochana's car being incident to an arrest; (5) reference to the officers having

authority to arrest Ochana for obstructing traffic under the Chicago Municipal Code; (6) any

claim that Cynomel, Cytomel, or Synthroid are controlled substances; and (7) certain opinion

testimony of John W. Bowman ("Bowman"). Ochana's motion to bar portions of Bowman's

expert testimony will be discussed *infra* Sect. II.E. The officers agreed to Ochana's first motion,

so the court grants Ochana's first motion as to Ochana's ethnic background. The officers oppose

the remaining six motions.

### 1.     The officers' subjective beliefs

Ochana moves to bar any reference to the officers' (a) subjective beliefs as to probable

cause, and (b) intent to arrest Ochana or subjective beliefs as to when Ochana was arrested. In

support, Ochana argues that (a) probable cause is measured by an objective standard of a

reasonable person in the position of the arresting officer, not by the arresting officer's subjective belief; and (b) when an arrest occurs is measured by an objective standard of a reasonable person in the position of the suspect, not by the arresting officer's subjective belief or intent regarding arrest.

First, the court disagrees with Ochana as to the officers' subjective belief of probable cause. Ochana is correct that "'[s]ubjective *intentions* play no role in ordinary, probable-cause Fourth Amendment analysis.'" *Arkansas v. Sullivan*, 532 U.S. 769, 772 (2001) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)) (emphasis added). However, "subjective intentions" refer to an officer's subjective motivation for making an arrest, not to an officer's subjective belief of probable cause. *See id.* On the contrary, an arresting officer's subjective belief that he had probable cause is central in evaluating the propriety of an arrest. "Probable cause for an arrest exists if, at the time of the arrest, the facts and circumstances within the police officer's knowledge were sufficient to warrant a reasonable belief that the suspects had committed, were committing, or were about to commit a crime." *Wollin v. Gondert*, 192 F.3d 616, 622 (7th Cir. 1999). Although Fourth Amendment jurisprudence is objective, not subjective, *see United States v. McCarty*, 862 F.2d 143, 148 (7th Cir.1988), an officer's subjective perceptions and thoughts may play a part, especially in close cases. *See Jones v. Baldwin*, No. 97 C 617, 1998 WL 852887, at *2 (N.D. Ill. Dec. 4, 1998). For example, the officer's "subjective belief at the time of the arrest that he lacks probable cause may be relevant in determining what facts the officer actually did know at the time of the arrest, and may tip the scale toward finding that the officer lacked probable cause." *Id.* (quoting *McCarty*, 862 F.2d at 148 n.3). Even further, in a § 1983 action such as this when a defense of qualified immunity has been raised, "[e]ven if probable

6

cause is lacking with respect to an arrest, despite an officer's subjective belief that he had probable cause, he is entitled to immunity as long as his subjective belief was objectively reasonable." *Humphrey v. Staszak*, 148 F.3d 719, 726 (7th Cir. 1998) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Therefore, the officers' subjective belief that probable cause existed is central to this case. Accordingly, the court denies Ochana's motion as to the officers' subjective belief of probable cause.

Second, the court agrees with Ochana as to the officers' subjective beliefs or intent regarding arrest. "A seizure becomes an arrest when 'a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.'" *Brandon v. Vill. of Maywood*, 157 F. Supp. 2d 917, 925 (N.D. Ill. 2001) (citing *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999)). *See United States v. Wyatt*, 179 F.3d 532, 535 (7th Cir. 1999) (stating that "the test for whether an individual is in custody is "how a reasonable man in the suspect's position would have understood his situation.") (internal quotation omitted). Meanwhile, "[a] policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 441 (1984). Therefore, the officers' subjective beliefs and intent regarding arrest are not relevant to the question of whether Ochana was under arrest or in custody. Further, the court finds that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the court grants Ochana's motion as to the officers' subjective beliefs or intent regarding arrest.

7

## 2.    **Probable cause for closely-related offenses**

Ochana moves to bar any reference to the officers having probable cause to arrest Ochana for offenses closely related to obstruction of traffic, possession of a controlled substance, or forging or altering a prescription. Specifically, Ochana moves to bar any reference that there was probable cause to arrest him for the offenses of driving under the influence, reckless driving, and negligent driving because Ochana argues these are not closely related to the offenses with which Ochana was charged.

The court disagrees with Ochana. An arrest is justified if officers had probable cause or arguable probable cause to arrest the suspect either for the precise offense the officers cited or for a closely-related offense. *Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir. 2001) (citing *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir. 1993)). "In order to rely on a closely-related charge, however, the officers must show that the charge can reasonably be based on the same set of facts that gave rise to the arrest and that the charge offered as justification is one that 'would [have recommended] itself to a reasonable police officer acting in good faith' at the time the arrest was made." *Id.* (quoting *Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir. 1988)).

The crimes of driving under the influence, reckless driving, and negligent driving are sufficiently related to satisfy the requirements of *Richardson*. *See Biddle*, 992 F.2d at 676 (finding disorderly conduct and a vehicular offense – "allowing another to operate his van in a manner contrary to law" – closely related to the offense charged, obstruction of a police officer). First, for the crime of driving under the influence, the Illinois Vehicle Code provides in relevant part:

(a) A person shall not drive or be in actual physical control of any vehicle within this State while: ... (3)under the influence of any intoxicating compound or combination of intoxicating compounds to a degree that renders the person incapable of driving safely; (4) under the influence of any other drug or combination of drugs to a degree that renders the person incapable of safely driving; (5) under the combined influence of alcohol, other drug or drugs, or intoxicating compound or compounds to a degree that renders the person incapable of safely driving ...

625 ILL. COMP. STAT. 5/11-501(a). Second, for the crime of reckless driving, the Illinois Vehicle Code provides in relevant part: "Any person who drives any vehicle with a willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 625 ILL. COMP. STAT. 5/11-503(a). Third, for the crime of negligent driving, the Chicago Municipal Code provides: "It shall be unlawful for any person to operate any vehicle upon a public way negligently, heedlessly and without due caution in a manner so as to endanger or likely to endanger any person or property." CHI. MUN. CODE § 9-40-140.

All three of these charges could reasonably be based on the same set of facts – that Ochana was asleep or unconscious at the wheel of his car, while at a stoplight in front of a line of traffic, with the gear of his car in drive and his foot on the brake – that gave rise to the arrest. In light of the facts, these three charges would have recommended themselves to a reasonable officer acting in good faith at the time the arrest was made. *See Williams*, 269 F.3d at 783 (articulating the standing for finding charges closely related). These charges offered by the officers to justify the arrest are not *ex post facto* extrapolations of the crimes which might have been charged. *See id.* The justifications for arrest which the officers provide are neither "novel" nor "extravagant." *See id.* Rather these three crimes are closely related on the present facts to the crimes charged. *See id.* Accordingly, the motion is denied.

### 3.  Search as incident to an arrest

Ochana moves to bar any reference to the officers' search of Ochana's car being incident to an arrest. Ochana argues that he was not under arrest when his car was searched, and that a reasonable person in his position would not have thought he was under arrest. Therefore, Ochana argues, the search of the car and backpack cannot be justified as a search incident to an arrest. The court disagrees.

"A seizure becomes an arrest when 'a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.'" *Brandon*, 157 F. Supp. 2d at 925 (citing *Ienco*, 182 F.3d at 523). The Seventh Circuit has identified several factors to consider in determining whether, based on the totality of the circumstances, a reasonable person would believe he was free to leave, including: whether the encounter occurred in a public or private place; whether the suspect was informed that he was not under arrest and free to leave; whether the suspect consented or refused to talk to the investigating officers; whether the investigating officers removed the suspect to another area; whether there was physical touching, display of weapons, or other threatening conduct; and whether the suspect eventually departed the area without hindrance. *See United States v. Scheets*, 188 F.3d 829, 837 (7th Cir. 1999).

Here, there is no dispute that the encounter occurred on a public street, that the investigating officers removed the suspect from his car and brought him to another area near their police car, that Ochana consented to talk to the investigating officers, and that Ochana did not depart the area without hindrance. Meanwhile, there is no evidence that the officers informed Ochana that he was not under arrest or that he was free to leave, that the officers

physically touched Ochana other than to assist him from his car, or that the officers displayed weapons or otherwise threatened Ochana. Based on these undisputed facts, the court finds that a reasonable person in Ochana's position would not have believed that when a police officer wakes him up in the middle of traffic at the wheel of his car, orders and possibly assists him out of his car, and removes him to the rear of his vehicle, that he was to free to leave. Therefore, the court finds that a reasonable person in Ochana's position would have thought he was under arrest.

Further, as discussed *infra* Sect. II.D.2., the officers had probable cause to believe that Ochana had committed the traffic offense of obstruction of traffic, in violation of the City of Chicago Municipal Code. As the Seventh Circuit recently stated, "traffic stops supported by probable cause are arrests, with all the implications that follow from probable cause to believe that an offense has been committed." *United States v. Childs*, 277 F.3d 947, 953 (7th Cir. 2002) (citing *Whren*, 517 U.S. at 819). For this reason as well, the court find that Ochana was under arrest.

Because the court finds that Ochana was under arrest when his car was searched, the court will not bar any reference to the officers' search of Ochana's car being incident to arrest. Accordingly, the motion is denied.

### 4. The officers' authority to arrest under the Chicago Municipal Code

Ochana moves to bar any reference to the officers having authority to arrest Ochana for obstructing traffic under the Chicago Municipal Code. Ochana argues that the officers lacked the authority to arrest Ochana for a minor violation of obstruction of traffic.

11

"The violation of a state statute is not a *per se* violation of the federal Constitution." *Pasiewicz v. Lake County Forest Pres. Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). "[J]ust because Illinois chooses to regulate police behavior in a certain way does not mean the police officers violate the Constitution by transgressing those rules." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1048 (7th Cir. 1995). *See Pasiewicz*, 270 F.3d at 526 ("The federal government is not the enforcer of state law.") (citing *Kraushaar*, 45 F.3d at 1048; *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1249 (7th Cir. 1994); *McKinney v. George*, 726 F.2d 1183, 1188 (7th Cir. 1984)). Even if the officers were not authorized by the Chicago Municipal Code to make the arrest for the offense in question, if they had probable cause to make the arrest, it is irrelevant to the constitutionality of their conduct that the arrest may have violated state or municipal law. *See McKinney*, 726 F.2d at 1188 (noting that even if police officers exceeded their authority under a municipal ordinance in arresting the plaintiff, that did not mean they violated the Constitution).

Here, any evidence regarding the officers' authority or lack of authority to arrest for obstructing traffic is irrelevant to Ochana's § 1983 claims. Further, the court finds that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the court grants Ochana's motion to the extent that the court bars any reference to officers' authority or lack of authority to arrest for obstructing traffic under the Chicago Municipal Code.

### 5. Cynomel, Cytomel, and Synthroid as controlled substances

Ochana moves to bar any claim that Cynomel, Cytomel, or Synthroid are controlled substances. Ochana argues that whether these medications are controlled substances is a matter

of law. Defendant responds that whether these substances are controlled substances is irrelevant to the question of whether the defendant officers reasonably believed them to be controlled substances.

The Supreme Court has stated that, "[t]he validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). *See also Humphrey*, 148 F.3d at 728 (finding that the fact that charges were voluntarily dismissed did not mean that there was no probable cause to arrest). Probable cause for an arrest exists if, at the time of the arrest, the facts and circumstances within the officer's knowledge were sufficient to warrant a reasonable belief that the suspect had committed, is committing, or is about to commit an offense." *Wollin*, 192 F.3d at 622.

Here, because the probable cause determination focuses on the information within the officers' knowledge at the time of the arrest, whether or not Cynomel, Cytomel and Synthroid are, in fact, controlled substances is irrelevant to the probable cause inquiry. Further, the court finds that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the court grants Ochana's motion to the extent that the court bars any reference to whether or not Cynomel, Cytomel, and Synthroid are or are not, in fact, controlled substances.

## B.     The officers' motion *in limine*

The officers' motion *in limine* consists of ten numbered paragraphs which seek to exclude the following:  (1) evidence of laboratory testing and the disposition of underlying criminal charges; (2) reference to Ochana's unrelated treatment for Hodgkin's disease and other prior

injuries or conditions; (3) evidence of the City of Chicago Police Department General Orders; (4) the Fraternal Order of Police disclaimer; (5) reference to the officers' attorneys as "Corporation Counsel," "Assistant Corporation Counsel," "the City lawyers," or "the City;" (6) evidence/reference to indemnification by the city; (7) evidence/reference that police officers generally conspire, cover-up or lie; (8) any testimony, evidence, argument or comments regarding recent publicized events concerning allegations of police misconduct; (9) undisclosed witnesses; and (10) non-party witnesses. Ochana agreed to the fourth, fifth, sixth, seventh, ninth, and tenth paragraphs of the officers' motion; thus, the court grants as unopposed these paragraphs of the officers' motion. Ochana opposes the remaining four paragraphs of the officers' motion.

### 1. Laboratory testing and disposition of underlying criminal charges

In the first paragraph of their motion, the officers move to bar any evidence of laboratory testing and disposition of the underlying criminal charges because such evidence is irrelevant to whether the officers had probable cause to arrest Ochana. In response, Ochana argues that such evidence is relevant to the issue of probable cause because it makes it more likely that the powder did not appear to be cocaine, that the powder was creatine, and that the pills were not a controlled substance.

As stated *supra* Sect.II.A.5, the probable cause determination focuses on the information within the officers' knowledge at the time of the arrest. The results of the laboratory testing and the ultimate disposition of the charges were not within the officers' knowledge at the time of the arrest. Therefore, this evidence is irrelevant to the probable cause inquiry. Further, the court finds that any probative value of such evidence is substantially outweighed by the danger of

14

unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the court grants the officers' motion as to the first paragraph.

**2.    Ochana's treatment for Hodgkin's disease and other prior conditions**

In the second paragraph of their motion, the officers move to bar any evidence of Ochana's prior injuries or conditions related to a 1996 car accident and Ochana's treatment for Hodgkin's Disease because such evidence is irrelevant to whether the officers had probable cause to arrest Ochana and search his vehicle. Ochana has no objections regarding prior injuries or conditions related to the 1996 car accident. However, Ochana argues that evidence of Ochana's treatment for Hodgkin's Disease is relevant in providing a context for Ochana's possession of Cynomel. Ochana also responded that on October 30, 2001, the court informed defense counsel that Ochana's treatment for Hodgkin's Disease was relevant and not more prejudicial than probative.

The court reiterates that, as stated *supra* Sect.II.A.5, the probable cause determination focuses on the information within the officers' knowledge at the time of the arrest. It is undisputed that at the time of Ochana's arrest, the officers did not know of Ochana's alleged treatment for Hodgkin's Disease. Therefore, evidence of Ochana's treatment for Hodgkin's Disease is irrelevant to the probable cause inquiry. Further, the court finds that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Regardless of what was said at the status on October 30, 2001, the court grants the officers' motion as to the second paragraph.

### 3.   City of Chicago Police Department General Orders

In the third paragraph of their motion, the officers move to bar evidence of City of Chicago Police Department general orders as irrelevant and immaterial. Ochana responds that Chicago Police Department General Order 99-12-02 is relevant because it deprived the officers of the authority to arrest Ochana for a minor traffic violation because he was too incapacitated to drive.

Allegations that the officers violated a Police Department General Order do not support a § 1983 claim, which must be grounded on violations of Ochana's federal constitutional rights. *See Smith v. Martin*, No. 91 C 4257, 1994 WL 465808, at *2 n.2 (N.D. Ill. Aug. 22, 1994) (stating that an allegation that the Superintendent violated Chicago Police Department rules and regulations did not support a § 1983 claim). As stated *supra* Sect. II.A.4., "just because Illinois chooses to regulate police behavior in a certain way does not mean the police officers violate the Constitution by transgressing those rules." *Kraushaar*, 45 F.3d at 1048. Even if the officers were not authorized by the police regulations to make an arrest for the offense in question, if they had probable cause to make an arrest, it is irrelevant to the constitutionality of their conduct that the arrest may have violated state law. *McKinney*, 726 F.2d at 1188 (noting that even if police officers exceeded their authority under a municipal ordinance in arresting the plaintiff, that did not mean they violated the Constitution).

Here, the police department general orders are irrelevant to Ochana's § 1983 claims. Further, evidence of a Chicago Police Department rule violation would confuse the jury and obscure the central issue of whether the officers violated Ochana's civil rights. Therefore, the court finds that any probative value of such evidence is substantially outweighed by the danger

of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the court grants the officers' motion as to the third paragraph.

### 4. Recent publicized events concerning allegations of police misconduct

In the eighth paragraph of their motion, the officers move to bar any testimony, evidence, argument, or comments regarding recent publicized events concerning allegations of police misconduct as irrelevant and unduly prejudicial. Ochana has no objections regarding testimony or evidence regarding any recent publicized events concerning allegations of police misconduct, but Ochana argues that in speaking to the jury, counsel should be allowed to refer to such events. The court finds that any reference to recent publicized events concerning allegations of police misconduct would be unduly prejudicial, as it would distract the jury's attention from the conduct at issue. Accordingly, the court grants the officers' motion as to the eighth paragraph.

### C. Ochana's Motion to Take Judicial Notice

Ochana moves this court, pursuant to Federal Rule of Evidence 201 ("Rule 201") to take judicial notice of certain facts. "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Rule 201). Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. *Id.* It is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence. *Id.* "Judicial notice, therefore, merits that traditional caution is given, and courts

17

should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Id.* Rule 201(f) allows a court to take judicial notice at any stage in a proceeding; therefore, a court may take judicial notice at the summary judgment stage. *See Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 777 F. Supp. 713, 733 (S.D. Ind. 1991) (taking judicial notice at the summary judgment stage).

Ochana's motion to take judicial notice consists of several numbered paragraphs, each asking the court to take note of a certain fact. Because the officers have no objection to the certain paragraphs in Ochana's motion, the court takes judicial notice of the following indisputable facts: (1) in Illinois, possession of 186 grams of cocaine is a Class 1 felony which can result in imprisonment of not less than six and not more than thirty years; (2) in Illinois, forging or altering a prescription to obtain a controlled substance is a Class 4 felony which can result in one to three years of imprisonment; (3) in Chicago, obstruction of traffic is an ordinance violation punishable by a fine of between $50 and $200; (4) in Illinois, when a person is charged with a crime and a cash bond is set, ten percent of the amount of the bond, or $25, whichever is larger, has to be paid as a deposit; (5) in Illinois, when a person is charged with a crime and bonds out of jail on a cash bond, when the criminal case is finished, the Clerk of the Circuit Court keeps ten percent of the bond money that was deposited, or $5, whichever is larger, regardless of the outcome of the criminal case.

The officers oppose the remaining paragraphs of Ochana's motion, and the court finds the facts in these paragraphs are subject to reasonable dispute. Further, the court finds that the facts in these paragraphs are not controlling or operative facts because they are irrelevant to the issue of probable cause, and are, therefore, not "adjudicative facts" proper for a motion to take

judicial notice. Therefore, the court will not take judicial notice of these paragraphs and denies the remaining paragraphs. In sum, the court grants in part and denies in part Ochana's motion to take judicial notice.

## D.    The officers' motion for summary judgment

Having decided the evidentiary issues raised in the parties' motions *in limine* and Ochana's motion to take judicial notice, the court now proceeds to the officers' motion for summary judgment. The officers argue they are entitled to summary judgment because (1) probable cause bars Ochana's unlawful arrest and illegal search claims, and (2) the officers are entitled to qualified immunity.

### 1.    Summary judgment standard

A motion for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997).

The burden is on the moving party to show that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson*, 477 U.S. at 256. Once the moving party presents a prima facie showing that it is entitled to judgment as a matter of law, the non-moving party may not rest upon the mere allegations or denials in its pleadings but must

set forth specific facts showing that a genuine issue for trial exists. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256-57; *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 (7th Cir. 1989). The court will address each of Ochana's claims in turn.

## 2. Unlawful arrest

The officers argue they are entitled to summary judgment on Ochana's unlawful arrest claim because they had probable cause to make a custodial arrest for Ochana for a traffic violation, based on the fact that Ochana was either asleep or unconscious behind the wheel of a vehicle, and they had probable cause to arrest Ochana for possession of a controlled substance and forging or altering a prescription.

A necessary predicate to any unlawful arrest claim under § 1983 is the absence of probable cause. *Jones v. Webb,* 45 F.3d 178, 181 (7th Cir. 1995). If a defendant can establish probable cause for the arrest, a plaintiff is absolutely barred from maintaining an unlawful arrest claim under § 1983. *Id.* at 183. As the Seventh Circuit recently stated, "An officer has probable cause to arrest when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient that a prudent person would believe that the suspect committed or was committing an offense." *Marshall v. Teske,* — F.3d —, Nos. 01-2722, 01-2793, 2002 WL 461380, at *3 (7th Cir. Mar. 27, 2002). Suspicion of a traffic offense constitutes probable cause. *See United States v. Williams,* 106 F.3d 1362, 1366 (7th Cir. 1997). A court evaluates probable cause not from the perspective of an omniscient observer, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer. *Marshall,* 2002 WL 461380, at *3. Thus, as long as the officer's belief is

reasonable, it need not be correct; reasonable mistakes will be excused. *Texas v. Brown*, 460
U.S. 730, 742 (1983); *Sheik-Abdi*, 37 F.3d at 1246.

Whether an officer had probable cause to make an arrest generally presents a question for
the jury, although the court can decide it when the material facts are undisputed. *Jones*, 45 F.3d
at 182. If facts sufficient to create probable cause are undisputed, probable cause is a question
of law. *Potts v. City of Lafayette*, 121 F.3d 1106, 1112 (7th Cir. 1997); *People v. Cooke*, 701
N.E.2d 526, 529 (Ill. App. Ct. 1998). A dispute concerning some facts relevant to determining
the existence of probable cause does not preclude a finding of probable cause, so long as the
finding survives after adopting the plaintiff's version of disputed facts supported by the record.
*Cervantes*, 188 F.3d at 811. *See Hunter*, 502 U.S. at 228 (stating that the question of whether
a reasonable officer could have believed that he had probable cause to arrest was question for
the court, not the trier of fact, on the officers' summary judgment motion on qualified immunity
grounds). The court can find probable cause as a matter of law when no reasonable jury could
find that the officer did not have probable cause to make an arrest. *Jones*, 45 F.3d at 182.

Ochana was charged with the following offenses: (1) obstruction of traffic, in violation
of CHI. MUN. CODE § 9-40-130; (2) possession of a controlled substance, in violation of 720 ILL.
COMP. STAT. 570/402 (1998); and (3) forging or altering a prescription, in violation of 720 ILL.
COMP. STAT. 570/406 (1998). So long as probable cause existed for one of these offenses,
Ochana is barred from maintaining a § 1983 unlawful arrest claim.[5] Even further, probable cause

---

[5]The court notes that Ochana's second amended complaint alleges unlawful arrest for
possession of a controlled substance and forging or altering a prescription, but fails to mention
the obstruction of traffic charge. Ochana provides no support authorizing a plaintiff to parcel
(continued...)

need not have existed for a charge for which Ochana was initially arrested so long as it existed

for a closely-related charge. *Marshall*, 2002 WL 461380, at *5 (citing *Biddle*, 992 F.2d at 676).

The officers contend that they had probable cause to arrest Ochana for the closely-related crimes

of driving under the influence, reckless driving, and negligent driving. As discussed *supra* Sect.

II.A.2., because these three crimes could reasonably be based on the same set of facts that gave

rise to Ochana's arrest, they are sufficiently related to the crimes charged. Thus, if the court

determines that probable cause existed for any of these three closely-related charges – or one of

the charges from which Ochana was initially arrested – then Ochana is barred from maintaining

a § 1983 unlawful arrest claim.

Here, the facts and circumstances within the officers' knowledge were sufficient to

warrant a prudent officer to believe that Ochana had committed or was committing a crime. The

---

[5](...continued)
out the different charges for his arrest. So long as the officers had probable cause to believe that Ochana had committed any offense – including a minor traffic offense of obstructing traffic – they were entitled to arrest Ochana. *See Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994) (finding in a § 1983 false arrest claim, that "[a]t the time of the arrest police officers need probable cause that *a* crime has been committed, not that the criminal defendant committed all of the crimes for which he or she is later charged.") (emphasis in original).

Also, the Supreme Court recently held that arrests for misdemeanor violations that would be punishable only by a fine do not offend any constitutional principles. *Williams*, 269 F.3d at 784 (citing *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001)). As the Seventh Circuit noted in *Williams, Atwater* held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Id. See also Marshall*, 2002 WL 461380, at *5 (citing *Atwater* for the proposition that the Fourth Amendment allows police officers to make warrantless arrests for minor criminal offenses even if they are punishable only by a fine). Because obstruction of traffic is at least a violation of municipal ordinance punishable by a fine, *Atwater* indicates that as long as the officers had probable cause to believe that Ochana had committed obstruction of traffic, the Fourth Amendment allowed the officers to arrest Ochana for this offense. *See Williams*, 106 F.3d at 1366 (stating that suspicion of a traffic offense constitutes probable cause).

following facts are undisputed and are sufficient to create probable cause as a matter of law. When the officers approached Ochana's car, they observed him either asleep or unconscious at the wheel of his car while at a stoplight in front of a line of traffic. His head was down, his foot was on the brake, and the gear of his car was in drive. When they tried to verbally wake him, he did not respond. Schwocher had to reach through the open window and put the car in park for Ochana, and Ochana does not remember Schwocher doing this. After they escorted him out of his car, he was still groggy and unalert, and his speech was slurred.

These facts, when viewed in their entirety, lead to only one reasonable conclusion, that a reasonably competent officer with knowledge of these facts would have concluded that probable cause existed to arrest Ochana for (1) committing an offense with which he was charged, obstructing traffic, because he was "operat[ing] the vehicle as to form an unreasonable obstruction to traffic," CHI. MUN. CODE § 9-40-140; and (2) committing the closely-related offenses of (a) driving under the influence, because Ochana appeared to be "in actual physical control of any vehicle ... while ... under the influence of any intoxicating compound ... to a degree that renders the person incapable of safely driving," 625 ILL. COMP. STAT. 5/11-501(a); (b) driving recklessly, because being asleep at the wheel of a car in the middle of traffic with the car in drive constitutes "wanton disregard for the safety of persons or property," 625 ILL. COMP. STAT. 5/11-503(a); and (c) driving negligently, because those same facts show that Ochana was operating his vehicle "upon a public way negligently, heedlessly without due caution in a manner so as to endanger or likely to endanger any person or property," CHI. MUN. CODE § 9-40-140. The court finds, as a matter of law, that the officers had probable cause to arrest Ochana based on these facts. Therefore, the other issues concerning whether the officers had probable cause

for possession of a controlled substance or forging or altering a prescription are immaterial. *See Calusinski*, 24 F.3d at 935 (finding in a § 1983 false arrest claim, that "[a]t the time of the arrest police officers need probable cause that *a* crime has been committed, not that the criminal defendant committed all of the crimes for which he or she is later charged.") (emphasis in original). Also, because the officers had probable cause to arrest Ochana, the court need not decide the qualified immunity question.

Because the officers had probable cause to arrest Ochana, the arrest was lawful, and Ochana is absolutely barred from maintaining an unlawful arrest claim under § 1983. Therefore, the officers are entitled to judgment as a matter of law on Ochana's § 1983 claim for unlawful arrest. Accordingly, the court grants the officers' motion for summary judgment on Count I of Ochana's second amended complaint.

### 3. **Unreasonable Search**

Ochana claims that the officers violated his rights by searching his passenger compartment and backpack. The officers argue that the search was based on probable cause, was proper as a search incident to arrest, and was valid under the automobile exception to the warrant requirement.

In *United States v. Sholola*, 124 F.3d 803, 816-17 (7th Cir. 1997), the Seventh Circuit summarized the Supreme Court's stance on a search such as this. The Seventh Circuit stated that:

> The Court announced a straightforward rule that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the interior of that automobile, as well as any containers found therein. The Court reasoned that articles inside of an automobile are in fact generally, if not inevitably, within the area into which

an arrestee might reach in order to grab a weapon or evidentiary item. The Supreme Court has since emphasized that the bright line rule ... authorizes an automobile search whenever officers effect a custodial arrest, in part because the need to preserve evidence justifies an automatic search.

*Sholola*, 124 F.3d at 816-17 (discussing *New York v. Belton*, 453 U.S. 454, 458-460 (1981)).

Further, the Supreme Court held that any container within the passenger compartment "may, of course, be searched whether it is open or closed." *Belton*, 453 U.S. at 461.

Ochana's case falls squarely within the scope of the rule announced in *Belton* and reiterated in *Sholola*. As discussed *supra* Sect. II.D.2., the arrest of Ochana was lawful. Therefore, the officers were justified in searching Ochana's vehicle and backpack incident to the lawful arrest of Ochana. Because the search was proper as a search incident to arrest, the officers are entitled to judgment as a matter of law on Ochana's § 1983 claim for unreasonable search. Accordingly, the court grants the officers' motion for summary judgment on Count II of Ochana's second amended complaint.

## E.    Motions to Bar Expert Testimony

Both parties move to strike portions of the other side's expert testimony and/or report. Ochana has filed a motion *in limine* to bar some of the opinion testimony of John W. Bowman ("Bowman"). Meanwhile, the officers have filed a motion *in limine* and a motion to strike the testimony and report of Ochana's expert, Paul Oggerino ("Oggerino"). The parties were offering these experts to testify to the issue of probable cause. Because the court finds that the only reasonable interpretation of the undisputed facts is that the officers had probable cause to arrest Ochana, *see supra* Sect. II.D.2., the court need not consider expert testimony on this issue. Therefore, the court denies as moot (1) Ochana's motion *in limine* to bar certain opinion

testimony of Bowman, (2) the officers' motion *in limine* to bar the testimony and report of Oggerino, and (3) the officers' motion to strike the testimony and report of Oggerino.

### III. CONCLUSION

For the foregoing reasons, the court (1) grants in part and denies in part plaintiff's motions *in limine*, (2) grants in part and denies in part defendants' motions *in limine*, (3) grants in part and denies in part plaintiff's motion to take judicial notice, (4) grants defendants' motion for summary judgment, and (5) denies defendants' motion to strike.

__APR 1 1 2002__
Date

James H. Alesia
United States District Judge

# United States District Court
## Northern District of Illinois
### Eastern Division

John Ochana

v.

Fernando Flores and
Anthony Schwocher

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 7869

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court grants defendants' motion for summary judgment. Final judgment is entered in favor of defendants Fernando Flores and Anthony Schwocher and against plaintiff John Ochana.

Michael W. Dobbins, Clerk of Court

Date: 4/11/2002

Carol Wing, Deputy Clerk