Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7869 | **DATE** | June 18, 2002 |
| **CASE TITLE** | *John Ochana vs. Fernando Flores and Anthony Schwocher* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part defendants' motion for an entry of order on their bill of costs [63-1]. The clerk is directed to tax costs in the amount of $2,072.90.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUN 19 2002 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | |
| | | 02 JUN 18 PM 5:26 | date mailed notice |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 67

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN OCHANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00 C 7869 |
| ) | |
| FERNANDO FLORES and ) | Judge James H. Alesia |
| ANTHONY SCHWOCHER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On April 11, 2002, this court granted defendants' motion for summary judgment and entered final judgment in favor of defendants Fernando Flores and Anthony Schwocher and against plaintiff John Ochana. *Ochana v. Flores*, No. 00 C 7869, 2002 WL 553150 (N.D. Ill. Apr. 11, 2002). Currently before the court is defendants' motion for entry of an order on their bill of costs. For the reasons set forth below, the court grants in part and denies in part defendants' motion.

## I. DISCUSSION

### A. Background

Rule 54(d) of the Federal Rules of Civil Procedure sets forth the general rule that costs other than attorneys' fees "shall be allowed as of course to the prevailing party," except as otherwise provided by statute or in the rules. *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002) (quoting FED. R. CIV. P. 54(d)). The proper measure of those costs is set forth in 28 U.S.C. § 1920 ("§ 1920"). *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726

(7th Cir. 2000). The costs explicitly allowed by § 1920 are: (1) fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. § 1920. There is a heavy presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. *Id.*

As an initial matter, the court disagrees with plaintiff's argument that no costs should be awarded because all costs sought were paid by the City of Chicago, a non-party in this case. Plaintiff is correct that the City of Chicago itself is a non-party in this case and, therefore, cannot be a prevailing party. However, as demonstrated by receipts attached to the bill of costs, the costs were paid by the Assistant Corporation Counsel Individual Defense Litigation which represented Officers Flores and Schwocher throughout these proceedings. As the prevailing parties, these defendants are entitled to costs through their attorneys, the Assistant Corporation Counsel. Therefore, the bill of costs was properly filed by the prevailing party.

Defendants seek recovery for the following in their bill of costs: (1) $1,781.25 for deposition and transcript costs; (2) $760.80 for photocopying fees; (3) $43.00 in witness and subpoena fees; and (4) $249.00 for other costs relating to medical records and photographs. Because all these costs are recoverable under § 1920, the court's only inquiry is whether the amount assessed for each item was reasonable. Plaintiff has no objection to the witness and

subpoena fees, but objected to several other portions of defendants' bill of costs. The court will review each of the disputed costs in turn.

**B.     Deposition and transcript costs**

Plaintiff objects to the amount charged for deposition transcripts, condensed transcripts and ASCII disks, and an expedited transcript. The court will address each objection in turn.

**1.     Deposition transcript charges**

First, according to Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." LOC. R. 54.1(b). The Judicial Conference Rate allowed for original deposition transcripts is $3.00 per page. VI JUDICIAL CONFERENCE OF THE UNITED STATES GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL, ch. 20, pt. 20.3 (1998) ("COURT REPORTERS MANUAL"). This fee covers all costs of transcript production. *Id.* at pt. 20.8. *See also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (summarizing the judicial conference rates applicable to various types of transcripts).

Defendants seek deposition costs of $3.25 per page for the depositions of Ochana, Flores, Schwocher and Oggerino, and they seek $4.00 per page for the Murphy deposition. Because the maximum charge per page for a deposition transcript is $3.00, these costs must be reduced using the judicial conference rates. The court reduces defendants' award by the following amounts: (a) $31.25 for the 125-page original transcript of Ochana; (b) $31.00 for the 124-page combined original transcript of Flores and Schwocher; (c) $35.25 for the 141-page original transcript of Oggerino; and (d) $30.00 for the 30-page original transcript of Murphy. Thus, the court reduces

3

defendants' award by a total of $127.50 for the deposition transcripts of the aforementioned witnesses.

### 2. Condensed transcripts and ASCII Disks

Second, in addition to the regular transcripts, defendants also seek $18.75 for a condensed transcript of the Ochana deposition, $25.00 for a condensed transcript of the combined Flores and Schwocher deposition, and $20.00 for ASCII disks of the combined Flores and Schwocher deposition. The Judicial Conference rate of $3.00 per page for original deposition transcripts covers all costs of transcript production. COURT REPORTERS MANUAL, ch. 20, pt. 20.8. Costs for condensed transcripts are not recoverable. *Winery v. City of Chicago*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000). Also, defendants are not entitled to recover charges for ASCII diskettes of deposition transcripts, which are merely for the attorney's convenience and not necessary to litigating the case. *Antonson v. United Armored Servs., Inc.*, No. 00 C 4095, 2002 WL 908424 (N.D. Ill. May 6, 2002) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 (7th Cir. 1997)); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002); *Jones v. Bd. of Trs. of Comty. Coll. Dist. No. 508*, 197 F.R.D. 363, 364-65 (N.D. Ill. 2000). Accordingly, defendants' request to tax the costs of the condensed transcripts and ASCII disks is denied. Thus, the court eliminates from defendants' costs the total additional costs of $63.75 related to the condensed deposition transcripts ($43.75) and ASCII disks ($20).

### 3. Expedited transcript

Third, defendants seek $80.00 in costs for a daily transcript of the October 31, 2001 court proceeding at $5.00 per page. At the October 31, 2001 court hearing, the court ruled on

4

Plaintiff's Motion for Return of Evidence and Plaintiff's Motion for Leave to File a Second Amended Complaint Instanter. Plaintiff argues that this transcript was not necessarily incurred and that the only record needed of the ruling was the court's order. However, defendants explain that the transcript of the hearing was reasonably necessary to effect the release of plaintiff's property and have a record of the court's ruling.

The court finds that defendants' explanation sufficiently demonstrates that the transcript of the hearing was reasonably necessary. However, the additional cost of expediting the transcript is not recoverable because defendants provide no explanation for needing to expedite the transcript. *See Winery*, 2000 WL 1222152, at *2 (stating that the party seeking reimbursement must show that the expedited transcripts were reasonable and necessary). Accordingly, defendants are entitled to recover $3.00 per page for an ordinary transcript rather than $5.00 per page for a daily transcript. Thus, the court reduces defendants' award a total of $32.00 for the original 16-page transcript of the October 31, 2001 court proceeding.

In sum, the court reduces defendants' deposition and transcript charges by $223.25 ($127.50 for deposition transcripts + $63.75 for condensed transcripts and ASCII disks + $32.00 for unnecessary expediting fees). Thus, the court awards defendants $1,558.00 in deposition and transcript costs.

### C. **Photocopying fees**

Defendants seek reimbursement for 3,804 pages of photocopied materials. As a preliminary matter, plaintiff objects to defendants' charge of $0.20 per page for in-house copying costs. The court agrees that $0.20 is too high for in-house charges. Charges for in-house reproduction may not exceed the charges of an outside print shop. *Antonson*, 2002 WL 908424

5

(citing *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991)). Local print shops charge $0.09 and $0.10 per page for standard photocopying. *See, e.g., Antonson*, 2002 WL 908424 (finding that $0.10 per page is a reasonable charge for in-house copying). Per page charges exceeding those of outside print shops for standard copying are allowed only when a party presents the court with an explanation as to why such charges are appropriate. *Rogers*, 2002 WL 423723, at *4 (citing *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001)). Defendants provide no factual basis to support why a $0.20 per page charge is reasonable or appropriate. Therefore, the court reduces defendants' in-house copying costs to $0.10 per page. *See Rogers*, 2002 WL 423723, at *4 (reducing in-house copying costs from $0.20 to $0.10 per page).

Defendants are entitled to recover the costs for making necessary copies of necessary documents. *Rogers*, 2002 WL 423723, at *4. Copying documents for production in discovery is necessary and recoverable. *Antonson*, 2002 WL 908424. For documents filed with the court, only copies for the court and one copy for opposing counsel are necessary. *Id.* The cost of additional copies made for the convenience of counsel is not recoverable. *Antonson*, 2002 WL 908424 (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994)). Copying costs for original documents are not taxable. *Id.* The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were necessary; if that party fails to meet the burden, the court should not award costs for those items. *Chemetall GmbH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *33 (N.D. Ill. Sept. 18, 2001) (citing cases).

Plaintiff objects to the copy charges for two sets of attachments. First, plaintiff objects to defendants' charge for two copies of a 411-page letter with attachments sent to defendants'

expert, John Bowman. Second, plaintiff objects to defendants' charge for two copies of another 411-page letter with attachments sent to plaintiff's counsel. Defendants' bill of costs fails to detail the content of these lengthy attachments or why two copies of each letter and attachments were necessary. Defendants are not required to submit a bill of costs "'containing a description so detailed as to make it impossible economically to recover photocopying costs.'" *Mortenson v. Nat'l Union Fire Ins. Co.*, No. 99 C 2419, 2000 WL 347766, at *1 (N.D. Ill. April 3, 2000) (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)). However, the court cannot award defendants photocopying costs without some confidence that the costs are properly recoverable. Also, it is logical to assume, without further explanation from defendants, that these copies were made for the convenience of the defendants. Therefore, in the absence of a more reliable verification that the copying costs were necessary, the court will allow copy charges for only one copy of each letter and attachments and will reduce the number of pages copied by 820 pages, as requested by the plaintiff. Thus, the court reduces defendants' award for photocopying to $298.40 (2,984 pages at $0.10 per page).

**D.  Other costs for medical records and photographs**

Defendants seek costs for copying plaintiff's medical records. The bill of costs contains three charges for Record Copy Services for Children's Memorial Hospital in the amounts of $90.50, $36.00, and $19.75. It also contains two charges for Record Copy Services at Northwestern Memorial Hospital in the amounts of $36.00 and $19.75. Defendants' bill of costs does not detail what medical records were copied or whether multiple copies were made of the same records. In the absence of reliable verification that the copying costs were necessary and not duplicative, the court will allow only the highest single charge from each hospital and award

7

defendants a total of $126.50 for copies of medical records ($90.50 for Children Memorial Hospital records and $36.00 for Northwestern Memorial Hospital records).

Defendants also seek costs for laser color prints for $19.75 and reproduction of photographs taken of property recovered from plaintiff for $27.25. Defendants explain that these photographs and reproductions were necessary to preserve evidence of the condition of the property at the time it was returned to plaintiff so they could lay a proper foundation at trial. Defendants also explain that the photographs were necessary to show the appearance of the property because plaintiff was charged with possession of a controlled substance and plaintiff disputed that the substance looked like any controlled substance. The court agrees with defendants that these charges are proper as costs. Therefore, the defendants are entitled to $47.00 for these photographs and reproductions.

In sum, the court awards defendants $173.50 for other costs related to medical records ($126.50) and photographs ($47.00).

## II. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendants' motion for entry of an order on their bill of costs. Defendants are awarded the following costs: (1) $1,558.00 for deposition and transcript costs; (2) $298.40 for photocopying fees; (3) $43.00 in witness and subpoena fees; and (4) $173.50 for other costs relating to medical records photographs. Defendants are awarded total costs of $2,072.90.

**JUN 1 8 2002**
Date

James H. Alesia
United States District Judge